Present:  All the Justices

COMMONWEALTH OF VIRGINIA
                                        OPINION BY
v.  Record No. 130989          JUSTICE LEROY F. MILLETTE, JR.
                                      June 5, 2014
TONY MARK HERRING, JR.

TONY MARK HERRING, JR.

v.  Record No. 131059

COMMONWEALTH OF VIRGINIA

          FROM THE COURT OF APPEALS OF VIRGINIA

     In these appeals we consider the sufficiency of

assignments of error and whether evidence supported the

defendant's convictions for abduction, attempted murder, and

use of a firearm during the course of an attempted felony.

              I.   Facts and Proceedings

     In December 2010, Tony Mark Herring, Jr., lived with his

wife Heather Renee Herring and their three children in

Greenville, Augusta County, Virginia.  Tony's father,

grandfather to the three children, lived with the family.

Although Heather's mother also lived with the Herrings, only

Tony, Heather, the three children, and the grandfather were

present in the house at the time of the incident giving rise to

these appeals.

     On December 14, 2010, Heather confronted Tony with her

suspicions of Tony having an affair, which began a lengthy

dispute between Heather and Tony.  Although Tony and Heather

initially only engaged in a verbal argument, the dispute escalated to the point of physical violence and Tony brandishing two different weapons while verbally threatening Heather's life.

Based on these events, Tony was indicted for attempted first degree murder of Heather pursuant to Code §§ 18.2-26 and 18.2-32, abduction of the grandfather and each of Tony's three children pursuant to Code § 18.2-47, and use of a firearm while attempting to murder Heather pursuant to Code § 18.2-53.1. Tony pled not guilty to each of the charges and waived a jury trial. At the conclusion of the bench trial, the circuit court found Tony guilty of each offense. After considering a pre-sentence report, the circuit court sentenced Tony to (1) ten years for the attempted murder conviction with two years suspended, (2) five years for each abduction conviction with all five years of each conviction suspended, and (3) three years for the use of a firearm conviction.

Tony timely appealed to the Court of Appeals, arguing that the evidence was insufficient to support his convictions. In an unpublished opinion, the Court of Appeals affirmed Tony's convictions for attempted first degree murder of Heather and use of a firearm during the commission of an attempted felony, but reversed Tony's convictions for abduction of the grandfather and Tony's three children. Herring v.

Commonwealth, Record No. 1430-12-3 (April 16, 2013). The Court of Appeals denied both Tony's and the Commonwealth's petitions for rehearing en banc. Herring v. Commonwealth, Record No. 1430-12-3 (May 29, 2013).

Tony and the Commonwealth timely filed petitions for appeal with this Court. We combine these appeals, and address the assignments of error and the arguments of the parties to the extent they direct us to resolve the following:

1. Should Tony's appeal to the Court of Appeals have been dismissed under Rule 5A:12(c)(1)(ii), and Tony's appeal to the Supreme Court of Virginia be dismissed under Rule 5:17(c)(1)(iii), because Tony's assignment of error in each court is insufficient?

2. Did the Court of Appeals err in holding that the evidence was not sufficient to support the circuit court's judgment in finding Tony guilty of abduction of the grandfather and Tony's three children?

3. Did the Court of Appeals err in holding that the evidence was sufficient to support the circuit court's judgment in finding Tony guilty of attempted first degree murder of Heather and guilty of use of a firearm during the commission of that attempted felony?

II. Discussion

A. Standard of Review

"When reviewing a defendant's challenge to the sufficiency of the evidence to sustain a conviction, this Court reviews the evidence in the light most favorable to the Commonwealth, as the prevailing party at trial, and considers all inferences fairly deducible from that evidence." Allen v. Commonwealth,

3

287 Va. 68, 72, 752 S.E.2d 856, 858-59 (2014) (alterations omitted). "The lower court will be reversed only if that court's judgment is plainly wrong or without evidence to support it." Id. at 72, 752 S.E.2d at 859 (internal quotation marks omitted).

"To the extent we interpret a statute or the Rules of the Supreme Court, these are questions of law that we review de novo." Woodard v. Commonwealth, 287 Va. 276, 280, 754 S.E.2d 309, 311 (2014).

B.  Tony's Assignments of Error

The Commonwealth contends that Tony's assignments of error contain four separate insufficiencies which require us to reverse the judgment of the Court of Appeals reversing Tony's abduction convictions, and to dismiss Tony's appeal to this Court.

1.  Tony's Assignment of Error in the Court of Appeals as Set Forth in Tony's Petition for Appeal to the Court of Appeals

The Court of Appeals held that Tony's assignment of error was sufficient to invoke its appellate jurisdiction. Rule 5A:12(c)(1)(ii) governs the sufficiency of assignments of error in the Court of Appeals. That Rule provides that "[a]n assignment of error which does not address the findings or rulings in the trial court . . . , or which merely states that the judgment or award is contrary to the law and the

4

evidence[,] is not sufficient."  Rule 5A:12(c)(1)(ii).  Tony's single assignment of error in his petition for appeal to the Court of Appeals reads:

> 1. The trial court erred by failing to grant the defendant[']s motion to strike the Commonwealth's evidence as being insufficient as a matter of law to sustain his convictions for attempted murder, abduction[,] and the use of a firearm in the commission of a felony.

### a.  The Assignment of Error Addresses the Circuit Court's Findings or Rulings

The Commonwealth argues that this assignment of error is insufficient because it "does not address the findings or rulings in the trial court" because Tony never made a motion to strike the evidence.  Rule 5A:12(c)(1)(ii).

"In the context of a bench trial, we have previously recognized that a challenge to the sufficiency of [the] evidence may be preserved for appeal when made in closing argument."  Preferred Sys. Solutions, Inc. v. GP Consulting, LLC, 284 Va. 382, 394-95, 732 S.E.2d 676, 682-83 (2012); see also Little v. Cooke, 274 Va. 697, 718, 652 S.E.2d 129, 141-42 (2007).  Tony waived his right to a jury and was tried in a bench trial.  During closing argument, Tony's counsel asserted that the Commonwealth's evidence was insufficient to find that Tony was guilty beyond a reasonable doubt, and specifically moved to strike the Commonwealth's case:

5

> I would make that . . . motion to strike the
> Commonwealth's case with respect to the attempted
> murder charge as well as all of the abduction
> charges. With respect to the firearm charge in the
> commission of a felony, I would say that fails as
> well, Judge.

(Emphasis added.) It is clear that this was a motion to strike the Commonwealth's evidence made during closing argument in a bench trial, which sufficiently preserved Tony's insufficiency of the evidence argument. Thus, Tony's assignment of error in the Court of Appeals did address the findings or rulings in the trial court.

b. The Assignment of Error Does Not Merely State that the Judgment Is Contrary to the Law and the Evidence

The Commonwealth argues that this assignment of error is insufficient because it "merely states that the judgment is contrary to the law and the evidence." Rule 5A:12(c)(1)(ii).

We find the holding in Findlay v. Commonwealth, 287 Va. 111, 752 S.E.2d 868 (2014), to be dispositive of this issue. In that case, we addressed whether the appellant's single assignment of error in the Court of Appeals was sufficient under Rule 5A:12(c)(1)(ii). Id. at 113-15, 752 S.E.2d at 870-71. We held that the single assignment of error challenging "the trial court's denial of [the appellant's] Motion to Suppress all of the seized videos" was not insufficient because it did not "merely allege that [the appellant's] convictions are contrary to the law" nor did it "state generally that the

6

evidence is insufficient."  Id. at 113, 116, 752 S.E.2d at 870-71.  Instead, we recognized that the assignment of error "points to a specific . . . ruling of the trial court . . . that [the appellant] believes to be in error."  Id. at 116, 752 S.E.2d at 871.  In confirming the sufficiency of the assignment of error, we said that "[s]uch specificity adequately puts the court and opposing counsel on notice" regarding what alleged errors the appellant sought to have reversed, and thus prevented both the court and opposing counsel from having to search through the entire record.  Id. (citing First Nat'l Bank of Richmond v. William R. Trigg Co., 106 Va. 327, 341, 56 S.E. 158, 163 (1907)).

Similarly, Tony's assignment of error in the Court of Appeals points to the circuit court's specific ruling that Tony believes to be in error: the court's failure to grant Tony's motion to strike.  Moreover, this assignment of error connects that alleged error to Tony's claim that the Commonwealth failed to prove the elements of specific convictions.  Tony's assignment of error in the Court of Appeals therefore does not "merely state[] that the judgment or award is contrary to the law and the evidence."  Rule 5A:12(c)(1)(ii).  Tony instead satisfies the plain language of Rule 5A:12(c)(1)(ii) by "lay[ing] his finger on the error in his assignment of error."

*Findlay*, 287 Va. at 115, 752 S.E.2d at 871 (internal quotation marks and alteration omitted).

Seeking to distinguish *Findlay*, the Commonwealth observes that this case involves an insufficiency of the evidence claim rather than a challenge to the suppression of evidence, and is therefore directly addressed by the plain language of Rule 5A:12(c)(1)(ii). When it comes to insufficiency of the evidence claims, the Commonwealth argues that appellants should be required to provide greater substance than what *Findlay* outlined for an assignment of error to be sufficient.

The plain language of Rule 5A:12(c)(1)(ii) makes clear that its terms govern the sufficiency of all assignments of error in the Court of Appeals. We have already explained why Tony's assignment of error was not an impermissibly generalized statement that the evidence was insufficient. Requiring more would be tantamount to demanding that appellants include a "because" clause or its equivalent in their assignments of error to explain why it was error for the trial court to take the action that it did. We rejected that proposition in the past, and we reject it again today. See *id.* at 116, 752 S.E.2d at 871-72.

The Court of Appeals correctly held that this assignment of error was sufficient under Rule 5A:12(c)(1)(ii).

8

2.  Tony's Assignment of Error in This Court as Set Forth in
Tony's Petition for Appeal to This Court

Rule 5:17(c)(1)(iii) governs the sufficiency of assignments of error in the Supreme Court of Virginia.  That Rule provides that "[a]n assignment of error that does not address the findings or rulings in the trial court or other tribunal from which an appeal is taken, or which merely states that the judgment or award is contrary to the law and the evidence, is not sufficient."  Rule 5:17(c)(1)(iii).  Tony's single assignment of error in his petition for appeal to this Court reads:

> 1. The Court of Appeal[s] erroneously held that the trial court had not erred when it failed to grant Defendant[']s motion to strike the Commonwealth's evidence as being insufficient as a matter of law to prove that the Defendant formed a specific intent to commit malicious premeditated murder and that subsequently he performed a direct yet ineffectual act toward the commission of that crime, and that therefore the defendant used a firearm in the commission of a felony.

The Commonwealth argues that this assignment of error is insufficient because it is different than the assignment of error contained in Tony's petition for appeal to the Court of Appeals.  Rule 5:17(c)(1)(iii) does not prohibit such an alteration, and we have never held that such an alteration can make insufficient an otherwise sufficient assignment of error in this Court.  In fact, Rule 5:17(c)(1)(ii), which addresses appeals from the Court of Appeals to this Court, requires that

9

a petition for appeal to this Court assign error "to assignments of error presented in, and to actions taken by, the Court of Appeals."  Similarly, Rule 5:17(c)(1)(iii) requires that an assignment of error in this Court "address the findings or rulings in the . . . tribunal from which an appeal is taken."  Therefore, at a minimum, an assignment of error in this Court will vary from an assignment of error in the Court of Appeals because the petition for appeal to this Court assigns error to what occurred in the Court of Appeals.[1]

The Commonwealth cites our prohibition against allowing appellants to alter the substance of an assignment of error, as stated in the appellant's petition for appeal to this Court, once this Court grants such an assignment of error.  See, e.g., White v. Commonwealth, 267 Va. 96, 102-03, 591 S.E.2d 662, 665-66 (2004); Santen v. Tuthill, 265 Va. 492, 497 n.4, 578 S.E.2d 788, 791 n.4 (2003); Cardinal Holding Co. v. Deal, 258 Va. 623,

---

[1] On May 16, 2014, this Court adopted amendments to Rule 5:17(c).  These amendments did not alter the Rule language quoted in this opinion.  However, we note that Rule 5:17(c) now includes the following additional language:

> An assignment of error in an appeal from the Court of Appeals to the Supreme Court which recites that "the trial court erred" and specifies the errors in the trial court, will be sufficient so long as the Court of Appeals ruled upon the specific merits of the alleged trial court error and the error assigned in this Court is identical to that assigned in the Court of Appeals.

Rule 5:17(c)(1)(iii).

629, 522 S.E.2d 614, 617-18 (1999); Black v. Eagle, 248 Va. 48, 57-58, 445 S.E.2d 662, 667 (1994); Hamilton Dev. Co. v. Broad Rock Club, Inc., 248 Va. 40, 43-44, 445 S.E.2d 140, 142-43 (1994). We continue to embrace the rule as set forth and exemplified in these cases that, once this Court grants an assignment of error in a petition for appeal, no party may thereafter alter the substance of that assignment of error without the permission of this Court – be it in a brief or at oral argument.

However, this rule cannot be interpreted to prohibit a petitioner from drafting a different assignment of error in a petition for appeal to this Court than that which was stated in the petition for appeal to the Court of Appeals. The rule against altering assignments of error is predicated on the fact that we award appeals "based on assignments of error, a required part of every petition for appeal" to this Court under Rule 5:17(c)(1). Hamilton Dev., 248 Va. at 44, 445 S.E.2d at 143. We do not award appeals based on the assignments of error that are a required part of every petition for appeal to the Court of Appeals under Rule 5A:12(c)(1). Thus, it is not a basis for dismissal under Rule 5:17(c)(1) when an assignment of error in the petition for appeal to this Court merely differs from an assignment of error in the petition for appeal to the Court of Appeals.

Instead, we will continue to assess the sufficiency of assignments of error in this Court under the plain terms of Rule 5:17(c)(1)(iii), just as we assess the sufficiency of assignments of error in the Court of Appeals under the plain terms of Rule 5A:12(c)(1)(ii).  As the Commonwealth does not otherwise argue that Tony's assignment of error in his petition for appeal to this Court is insufficient under Rule 5:17(c)(1)(iii), there is no merit to the Commonwealth's argument that this assignment of error is insufficient.

3.    Tony's Assignment of Error in This Court as Set Forth in Tony's Opening Brief to This Court

Tony's single assignment of error in his opening brief to this Court reads:

> 1. The trial court erred when it failed to grant Defendant's Motion to Strike the Commonwealth's evidence as being insufficient as a matter of law to prove that the Defendant formed a specific intent to commit malicious premeditated murder and that subsequently he performed a direct yet ineffectual act toward the commission of that crime, and that therefore the Defendant used a firearm in the commission of a felony.

The Commonwealth argues that this assignment of error is insufficient because it assigns error to the trial court instead of to the "tribunal from which [the] appeal is taken," that is, to the Court of Appeals.  Rule 5:17(c)(1)(iii).  The Commonwealth also argues that, because this assignment of error is different from the assignment of error as stated in Tony's

petition for appeal to this Court, it creates an "uncertainty" that "disentitles" Tony to relief.

As we have just reaffirmed, once we grant an assignment of error as stated in a petition for appeal to this Court, if a material alteration of that assignment of error is made in subsequent filings or at oral argument without this Court's permission, then that alteration is impermissible.  See, e.g., White, 267 Va. at 102-03, 591 S.E.2d at 665-66; Santen, 265 Va. at 497 n.4, 578 S.E.2d at 791 n.4; Cardinal Holding, 258 Va. at 629, 522 S.E.2d at 617-18; Black, 248 Va. at 57-58, 445 S.E.2d at 667; Hamilton Dev., 248 Va. at 43-44, 445 S.E.2d at 142-43. That rule applies regardless of whether the post-grant alteration would be either a benefit or a detriment to the appellant.  Simply put, we do not recognize any unauthorized substantive alteration to the assignment of error in the petition for appeal which was the basis of this Court's order granting the appeal.[2]  See Hamilton Dev., 248 Va. at 44, 445 S.E.2d at 143.  Moreover, because Tony's alteration of the

---

[2] We have previously held that, "while it is improper for an appellant to alter the wording of a granted assignment of error[,] non-substantive changes to an assignment of error do not default the issue raised."  Northam v. Virginia State Bar, 285 Va. 429, 434 n.*, 737 S.E.2d 905, 907 n.* (2013) (internal quotation marks and alterations omitted).  This is because non-substantive alterations "do not permit the appellant to argue a different issue on appeal," and thus "we may properly consider [such] modified assignments of error."  Id.; see, e.g., Hudson v. Pillow, 261 Va. 296, 301-02, 541 S.E.2d 556, 560 (2001).

assignment of error is without effect, there is no uncertainty as to what the assignment of error is: it is the assignment of error as set forth in Tony's petition for appeal to this Court that formed the basis for this appeal.

Tony's appeal to this Court will not be dismissed based on the Commonwealth's challenge to Tony's ineffective modification of the assignment of error subsequent to the granting of his appeal.

C.   Tony's Convictions for Abduction

    1.   Whether the Issue of Intent Was Preserved

Rule 5A:18 governs the preservation of issues for appellate review in the Court of Appeals, and Rule 5:25 is its counterpart for the preservation of issues for appellate review in this Court.  Those Rules provide that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling."  Rule 5A:18; 5:25.

The Commonwealth argues that Tony failed to preserve the issue of whether the evidence was sufficient to support the intent element of his abduction convictions because Tony's counsel, in closing argument, never challenged the sufficiency of the evidence to prove Tony's intent to deprive the grandfather and Tony's three children of their personal liberty.

During closing argument, Tony's counsel stated:

> I would make that . . . motion to strike the
> Commonwealth's case with respect to . . . all of the
> abduction charges. . . . I don't think that the
> Commonwealth has proved that [Tony] had any specific
> intent based on the two witnesses who were there,
> that he had any intent to kill anybody, and that he
> did not . . . abduct anybody according to the
> statute.

When Tony's counsel challenged the Commonwealth's evidence by making a motion to strike, Tony's counsel argued that the evidence was insufficient to prove abduction "according to the statute," and therefore challenged all of the elements of the statute. Cf. Washington v. Commonwealth, 216 Va. 185, 192, 217 S.E.2d 815, 822 (1975) (holding that a defendant knows, "from the invocation of the statute and its subsection, [of] the essential elements of the case against him"). The statute in question is Code § 18.2-47(A), which sets forth the elements the Commonwealth must prove beyond a reasonable doubt to convict a defendant of abduction, and which includes, among other elements, the element of intent. By arguing that the abduction statute in its entirety was not satisfied, Tony's counsel preserved his challenge to the sufficiency of the evidence as to every statutory element of abduction, including intent to deprive the victims of their personal liberty.

15

## 2. Whether the Evidence Was Sufficient to Support Tony's Abduction Convictions

A person is guilty of abduction if, "by force, intimidation[,] or deception, and without legal justification or excuse, [he or she] seizes, takes, transports, detains[,] or secretes another person with the intent to deprive such other person of his personal liberty or to withhold or conceal him from any person, authority[,] or institution lawfully entitled to his charge." Code § 18.2-47(A). The Court of Appeals held that although the evidence was sufficient to satisfy the element that the grandfather and Tony's three children were "detain[ed]" by "intimidation," the evidence was insufficient to satisfy the element that Tony had the "intent to deprive such other person[s] of [their] personal liberty."

On appeal before this Court, the Commonwealth disputes the insufficiency of the evidence to support the elements of detention by intimidation and intent to detain.[3] We address

---

[3] The plain language of Code § 18.2-47(A) does not provide a general exemption for parents from being charged with abduction of their children. Taylor v. Commonwealth, 260 Va. 683, 688, 537 S.E.2d 592, 594-95 (2000). In contrast to the facts considered in Taylor, however, in this case Tony was a father who, with full parental rights over his three children, "detain[ed]" his children simply by keeping them within the house in which they lived with their father and mother. Compare id. at 685-87, 537 S.E.2d at 593-94. Because no party has argued the issue, we decline to address whether the facts of this case provide any support for a claim that the father had a "legal justification or excuse" to "detain[]" his children, under the exemption language of Code § 18.2-47(A).

16

both elements and find that, when the evidence is viewed in the light most favorable to the Commonwealth, the circuit court's judgment in convicting Tony of abducting the grandfather and Tony's three children was not "without evidence to support it." Allen, 287 Va. at 72, 752 S.E.2d at 859 (internal quotation marks omitted).  Therefore, we will reverse the Court of Appeals' judgment as to the abduction convictions, and direct that the circuit court's judgment be affirmed.

### a. The Evidence Was Sufficient to Prove Detention by Intimidation

For purposes of Code § 18.2-47(A), a defendant "detains" a victim by having that victim "remain in a certain location, or even in a certain position" through the use of force, intimidation, or deception.  Burton v. Commonwealth, 281 Va. 622, 628, 708 S.E.2d 892, 895 (2011).  For purposes of Code § 18.2-47(A), it is possible to "detain[]" a victim by having that victim remain within a house.  See, e.g., Joyce v. Commonwealth, 210 Va. 272, 274, 170 S.E.2d 9, 11 (1969) (discussing the predecessor to Code § 18.2-47(A)).

In this case, the evidence was sufficient to prove that Tony used intimidation to force the grandfather and Tony's three children to remain in the home.  Tony had a heated verbal argument with Heather, leading to Tony physically abusing and threatening to kill Heather.  Thereafter, Tony armed himself

17

with a shotgun and another firearm.  After Heather fled the house, Tony threatened "I will [expletive] kill you Heather Renee," and fired the shotgun outside.  Once back inside, Tony paced throughout the home while still armed.  Tony also threatened to kill the police, the grandfather, and Tony's children.  During Tony's rampage, Tony's daughters hid in the laundry room until their grandfather put them in his bedroom with their brother and locked the door.  After the grandfather struck Tony in order to distract him, the grandfather hustled the children out of the house and out of harm's way, telling them to go to his truck in the front yard and to lie on the floorboard.

Viewed in the light most favorable to the Commonwealth, this evidence supported the circuit court's judgment that Tony detained the grandfather and Tony's three children through intimidation as required under Code § 18.2-47(A).

b.    The Evidence Was Sufficient to Prove Intent

"Intent is the purpose formed in a person's mind and may, like any other fact, be shown by circumstances."  Howard v. Commonwealth, 207 Va. 222, 228, 148 S.E.2d 800, 804 (1966). "Intent is a state of mind which can be evidenced only by the words or conduct of the person who is claimed to have entertained it."  Burkeen v. Commonwealth, 286 Va. 255, 259, 749 S.E.2d 172, 175 (2013) (internal quotation marks omitted).

18

We reject the Commonwealth's argument that simply because the grandfather and children were detained, and because a person can be presumed to intend the natural and probable consequences of his actions, the intent element is therefore satisfied.  The General Assembly saw fit to include both a detention and a specific intent element in Code § 18.2-47(A), and we will give effect to each statutory element rather than allow part of the statute to become mere surplusage.  BBF, Inc. v. Alstom Power, Inc., 274 Va. 326, 331, 645 S.E.2d 467, 469 (2007) ("[W]e are not free . . . to ignore language[] contained in statutes." (internal quotation marks omitted)); see also Travelers Prop. Cas. Co. of Am. v. Ely, 276 Va. 339, 345, 666 S.E.2d 523, 527 (2008) (noting the "settled rule in this Commonwealth that every provision in or part of a statute shall be given effect if possible").  Thus, we have previously refused to conflate these two elements, and instead continue to recognize that "although proof of either element may be used to establish the other, the evidence presented must establish both elements beyond a reasonable doubt."  Burton, 281 Va. at 628, 708 S.E.2d at 895.

In contrast with the facts in Burton, the evidence in this case was independently sufficient to prove that Tony intended to detain the grandfather and Tony's three children.  In concluding that Tony intended to detain the grandfather and

19

Tony's three children by force or intimidation, the circuit court relied upon the evidence establishing that Tony was walking around the house with a shotgun which had already been discharged, that Tony had another firearm either on or near his person, that Tony had told at least one of his daughters that he was going to shoot her, her sister, her brother, her grandfather, and himself, and that Tony declared to the grandfather that he was "going to have to shoot you" as the grandfather was leaving the home. In recounting these facts, the circuit court found "what [it] need[ed] to know about what [Herring's] intent was with respect to keeping them there [in the house]." And from these facts, the court "infer[red] that [Herring] intended those people not to leave." We must "defer to the[se] findings of fact made by [the] trial judge at [the] bench trial [because] there is evidence to support" those findings and they are not plainly wrong. Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010); see also Mongold v. Woods, 278 Va. 196, 204, 677 S.E.2d 288, 293 (2009) ("We will defer to the circuit court's determination of the facts unless unsupported by evidence or plainly wrong because an appellate court lacks the fact-finder's ability to hear and see the witnesses and assess their credibility.").

Viewed in the light most favorable to the Commonwealth, this evidence supported the circuit court's judgment that Tony

intended to deprive the grandfather and Tony's three children of their personal liberty as required under Code § 18.2-47(A).

D.  Tony's Conviction for Attempted First Degree Murder

"An attempt in criminal law is an apparent unfinished crime, and hence [contains] two elements[:] (1) [t]he intent to commit a crime[,] and (2) [an overt] act done towards its commission, but falling short of the execution of the ultimate design." Sizemore v. Commonwealth, 218 Va. 980, 983, 243 S.E.2d 212, 214 (1978) (quoting Glover v. Commonwealth, 86 Va. 382, 385-86, 10 S.E. 420, 421 (1889)).  The overt act "need not . . . be the last proximate act to the consummation of the crime in contemplation, but is sufficient if it be an act apparently adopted to produce the result intended." Id.  The Court of Appeals held that the evidence was sufficient to support both the element that Tony intended to commit first degree murder of Heather, and the element that Tony committed an overt act in furtherance of that crime.

On appeal before this Court, Tony disputes the sufficiency of the evidence to support the elements of intent and an overt act.  We address both elements and find that, when the evidence is viewed in the light most favorable to the Commonwealth, the circuit court's judgment in convicting Tony of attempted first degree murder of Heather was not "without evidence to support it." Allen, 287 Va. at 72, 752 S.E.2d at 859 (internal

21

quotation marks omitted).  Therefore, we will affirm the Court
of Appeals' judgment as to the attempted murder conviction,
which itself affirmed the circuit court's judgment.

      1.    The Evidence Was Sufficient to Prove Intent

First degree murder is "[m]urder, other than capital
murder, by poison, lying in wait, imprisonment, starving, or by
any willful, deliberate, and premeditated killing, or in the
commission of, or attempt to commit, arson, rape, forcible
sodomy, inanimate or animate object sexual penetration,
robbery, burglary or abduction, except as provided in [Code]
§ 18.2-31."  Code § 18.2-32.  In the context of attempted
murder, the evidence must show "specific intent to kill the
victim."  Hargrave v. Commonwealth, 214 Va. 436, 437, 201
S.E.2d 597, 598 (1974).

In this case, the evidence was sufficient to show Tony's
specific intent to kill Heather.  Tony and Heather had a
lengthy verbal argument.  During this dispute, Tony pushed,
choked, and physically struck Heather.  Tony armed himself with
a shotgun and, after Heather had escaped outside, stood on the
front porch and yelled a clear threat: "I will [expletive] kill
you Heather Renee."  Although the grandfather could not say
that Tony was aiming at Heather before the shotgun was fired,
the grandfather was sufficiently concerned as to the safety of

22

the family that he pushed the shotgun upwards so that the shotgun would discharge harmlessly in the air.

Viewed in the light most favorable to the Commonwealth, this evidence supported the circuit court's judgment that Tony intended to kill Heather.

2.    The Evidence Was Sufficient to Prove an Overt Act

"An attempt [is] any overt act done with the intent to commit the crime, and which, except for the interference of some cause preventing the carrying out of the intent, would have resulted in the commission of the crime."  Howard, 207 Va. at 228, 148 S.E.2d at 804 (internal quotation marks and citation omitted).  We have long rejected the position that the overt act can only be the "last proximate act to the consummation of the crime in contemplation."  Glover, 86 Va. at 385-86, 10 S.E. at 421.  Instead, an overt act is any "act apparently adopted to produce the result intended" so long as that act is not "mere preparation."  Martin v. Commonwealth, 195 Va. 1107, 1110-11, 81 S.E.2d 574, 576 (1954).

In this case, the evidence was sufficient to show that Tony entertained the specific intent to kill Heather and that Tony committed overt acts adopted to produce that intended result that went beyond mere acts of preparation.  Tony armed himself with a shotgun, followed his intended victim outside to the front yard, and stood on the front porch while the gun

23

"veer[ed] around" without aiming at any particular target. Tony ceased his pursuit of Heather only after the grandfather pushed the shotgun upwards, causing the shotgun to discharge harmlessly into the air. These actions fall short of the last proximate act of Tony using the shotgun to kill Heather. See Sizemore, 218 Va. at 986, 243 S.E.2d at 216. But the last proximate act is not required to prove an overt act. Instead, we hold that Tony committed an overt act because his actions were more than mere preparation, and those actions were adopted to produce the intended result of killing Heather. Compare id. at 986, 243 S.E.2d at 215-16.

Viewed in the light most favorable to the Commonwealth, this evidence supported the circuit court's judgment that Tony committed an overt act while he had the specific intent to kill Heather.

E.   Tony's Conviction for Use of a Firearm During the
     Commission of an Attempted Felony

It is "unlawful for any person to use . . . any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit [various enumerated felonies, including] murder." Code § 18.2-53.1. The parties agree that the sufficiency of the evidence supporting Tony's conviction under Code § 18.2-53.1 rises or

24

falls with Tony's challenge to the sufficiency of the evidence supporting his attempted first degree murder conviction.

The evidence that supported Tony's conviction of attempted first degree murder also supported the circuit court's judgment that Tony was guilty of use of a firearm while attempting to murder Heather.

## III. Conclusion

For the aforementioned reasons, we will reverse that portion of the Court of Appeals' judgment reversing Tony's convictions for abduction of the grandfather and Tony's three children, and reinstate the circuit court's judgment as to those abduction convictions. We will also affirm that portion of the Court of Appeals' judgment upholding Tony's convictions for attempted first degree murder of Heather and use of a firearm during the commission of an attempted felony.

Record 130989 – Affirmed in part, reversed in part, and final judgment.

Record 131059 – Affirmed.


JUSTICE POWELL, with whom JUSTICE McCLANAHAN joins, concurring in part and dissenting in part.

I concur in the judgments of the Court, which uphold all of the defendant's convictions. As explained below, however, I disagree with the majority's analysis in reaching these

25

judgments because the defendant's assignment of error in the Court of Appeals was deficient and, therefore, the Court of Appeals did not have jurisdiction to decide the appeal. As a result, there was no basis for its reversal of the convictions for abduction of the defendant's father and his three children, and I would reverse the decision of the Court of Appeals in the Commonwealth's appeal, Record No. 130989, on the basis that the Court of Appeals had no power to act. See Findlay v. Commonwealth, 287 Va. 111, 115 n.2, 752 S.E.2d 868, 871 n.2 (2014) (recognizing that a litigant's failure to comply with the requirements of Rule 5A:12(c) deprives the Court of Appeals of active jurisdiction and requires dismissal of an appeal). I also would not reach the defendant's assignment of error in Record No. 131059 for the same reason, and thus, I concur in the judgment of this Court in that appeal confirming the convictions reached in the trial of this case.

The majority believes that Findlay controls these appeals and that Tony's assignment of error to the Court of Appeals does not violate Rule 5A:12(c)(1)(ii). However, I believe that Tony's assignment of error is exactly the kind of assignment of error that Rule 5A:12(c)(1)(ii) prohibits. Therefore, although I agree with the majority that Tony sufficiently preserved his argument for appeal through his motion to strike the Commonwealth's evidence made during his closing argument in a

26

bench trial, for the following reasons, I would vacate the Court of Appeals' decision for want of active jurisdiction and dismiss these appeals.

In Findlay, the petitioner/appellant assigned error to "the trial court's denial of his Motion to Suppress all of the seized videos that came from the defendant's computer, and his computer hard drive, and all derivatives thereof." Id. at 113, 752 S.E.2d at 870. We held that that assignment of error was sufficient because it did not "merely allege that his convictions are contrary to the law" nor did he "state generally that the evidence is insufficient." Id. at 116, 752 S.E.2d at 871. Indeed, this Court held that Findlay "point[ed] to a specific preliminary ruling of the trial court — the trial court's denial of his motion to suppress — that he believe[d] to be in error" and, therefore, "[s]uch specificity adequately puts the court and opposing counsel on notice as to 'what points [appellant]'s counsel intends to [rely upon in asking for] a reversal of the judgment or decree' and prevents them from having to 'hunt through the record for every conceivable error which the court below may have committed.'". Id. (quoting First Nat'l Bank of Richmond v. William R. Trigg Co., 106 Va. 327, 341, 56 S.E. 158, 163 (1907)).

Here, Tony's assignment of error was

> [t]he trial court erred by failing to grant
> the defendant['] motion to strike the
> Commonwealth's evidence as being
> insufficient as a matter of law to sustain
> his convictions for attempted murder,
> abduction and use of a firearm in the
> commission of a felony.

> Rule 5A:12(c)(1)(ii) states that

> [a]n assignment of error which does not
> address the findings or rulings in the
> trial court or other tribunal from which an
> appeal is taken, or which merely states
> that the judgment or award is contrary to
> the law and the evidence is not sufficient.
> If the assignments of error are
> insufficient or otherwise fail to comply
> with the requirements of this Rule, the
> petition for appeal shall be dismissed.

I believe that Tony's assignment of error is tantamount to one

which merely states that the "award is contrary to the law and

the evidence."

> The purpose of assignments of error is
> to point out the errors with reasonable
> certainty in order to direct this court and
> opposing counsel to the points on which
> [an] appellant intends to ask a reversal of
> the judgment, and to limit discussion to
> these points. Without such assignments,
> [an] appellee would be unable to prepare an
> effective brief in opposition to the
> granting of an appeal, to determine the
> material portions of the record to
> designate for printing, to assure himself
> of the correctness of the record while it
> is in the clerk's office, or to file, in
> civil cases, assignments of cross-error.
> Harlow v. Commonwealth, 195 Va. 269, 271-
> 72, 77 S.E.2d 851, 853 (1953).

Yeatts v. Murray, 249 Va. 285, 290, 455 S.E.2d 18, 21 (1995).

28

> "To require the appellee or the court to hunt through the record for every conceivable error which the court below may have committed, when none has been pointed out by the party complaining of the judgment, would obviously be unreasonable and oppressive on the party recovering judgment, and most burdensome on this court, unnecessarily impeding the progress of its business; and, by the confusion and uncertainty which it would beget as to the questions on which the case was decided in the court below, destroy its character as an appellate tribunal; and by the multiplicity of the questions for discussion tend much more to confusion and error in its own decisions than the correction of errors which may in fact have occurred in the [lower court]."

First Nat'l Bank, 106 Va. at 341-42, 56 S.E. at 163 (quoting

Clements v. Hearne, 45 Tex. 415, 416 (1876)).

> Consequently, it is the duty of an appellant's counsel "to 'lay his finger on the error' in his [assignment of error]," Carroll v. Commonwealth, 280 Va. 641, 649, 701 S.E.2d 414, 418 (2010) (quoting First Nat'l Bank, 106 Va. [at] 342, 56 S.E. [at] 163), and not to invite an appellate court "to delve into the record and winnow the chaff from the wheat." Loughran v. Kincheloe, 160 Va. 292, 298, 168 S.E. 362, 364 (1933).

Findlay, 287 Va. at 115-16, 752 S.E.2d at 871.

In Yeatts, the assignment of error "merely state[d] that the habeas court erred by dismissing the petition 'without ordering an evidentiary hearing as to his allegations of ineffective assistance of counsel.'" Yeatts, 249 Va. at 290-

91, 455 S.E.2d at 21-22. We held that this assignment of error was insufficient because it "only challenge[d] the alleged procedural failure to order an evidentiary hearing; it [did] not challenge, with reasonable certainty, the habeas court's substantive ruling on the merits of the ineffective assistance claims." Id. at 291, 455 S.E.2d at 22. In Harlow v. Commonwealth, 195 Va. 269, 270, 77 S.E.2d 851, 852 (1953), the petitioner/appellant assigned the following errors:

> 1. Because the trial court erred in giving to the jury in writing, improper instructions in the instance of and on motion of the Commonwealth. 2. The trial court erred in refusing to give to the jury proper instructions offered and requested by the Defendant, in writing, over the objections and exceptions of the Defendant.

We held that the assignments of error did "not point out the errors relied on nor do they identify the instructions which allegedly were erroneously given and refused. In this situation[,] the assignments of error are insufficient." Id. at 272-73, 77 S.E.2d at 853. I believe that Tony's assignment of error is not unlike the assignments of error in Yeatts and Harlow.

In my opinion, Tony's assignment of error is even more nebulous than the above assignments of error, or even the assignment of error in Findlay, which this Court held supplied sufficient specificity because it alleged that the trial court

30

erred in denying his motion to suppress – a motion containing limited arguments rather than the entirety of the trial. In sharp contrast, Tony's assignment of error attacks the sufficiency of each charge brought against him, inviting, indeed requiring, this Court to examine the entire record for sufficient facts supporting every element of each offense. As such, his assignment of error suffers the very flaw addressed in <u>Findlay</u>, where this Court stated that an assignment of error that generally stated that the evidence was insufficient would not comport with the requirements of Rule 5A:12(c)(1)(ii). 287 Va. at 116, 752 S.E.2d at 871. By holding that Tony's assignment of error to the Court of Appeals is sufficient, the majority effectively eviscerates Rule 5A:12(c)(1)(ii) and Rule 5:17(c)(1)(iii), the only requirement the Court continued to recognize in <u>Findlay</u>. Indeed, it is now difficult to envision an assignment of error that would be deemed insufficient under the majority's reasoning.

Recognizing that the purpose of an assignment of error is to place the opposing party and the Court on notice, with reasonable certainty, of the points on which the petitioner/appellant will seek reversal, the majority attempts to couple Tony's inadequate assignment of error with the argument made in the trial court. However, to the extent that Tony's motion to strike is itself a shotgun approach attacking

31

each element of each charge, it is insufficient to "lay his finger on the error" as contemplated under <u>Findlay</u>. 287 Va. at 115, 752 S.E.2d at 871.  Moreover, the fact that Tony's counsel challenged the offenses during his argument does not save his assignment of error as we have never held that an insufficient assignment of error could be saved even by a perfectly preserved argument.  The two are independent requirements for appeal.  <u>See</u> Rule 5A:12(c) (establishing the requirements for a petition for appeal) and Rule 5A:18 (defining what rulings of the trial court may serve as a basis for reversal).  Therefore, I believe that Tony's assignment of error is insufficient and I would dismiss his appeal.