**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4829**

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

HEYDAR SADEGHI, a/k/a Heydar 'Ed' Sadeghi, a/k/a Aeydar
Zadeghi, a/k/a Heidar Sadeghi, a/k/a Mir Goharbar, a/k/a
Mir Sadegh Goharbar,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. James C. Cacheris, Senior
District Judge. (1:11-cr-00070-JCC-1)

Submitted: May 27, 2015           Decided: July 6, 2015

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H.
Pratt, Kevin R. Brehm, Assistant Federal Public Defenders,
Alexandria, Virginia, for Appellant. Dana J. Boente, United
States Attorney, Catherine S. Ahn, Special Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Heydar Sadeghi appeals the district court's order revoking his term of probation and sentencing him to 12 months' imprisonment. On appeal, Sadeghi argues that the district court abused its discretion in finding that he violated his probation by committing the Virginia offense of abduction, as the testimony presented at the revocation hearing was insufficient to establish the elements of that offense. For the reasons that follow, we affirm.

We review for abuse of discretion the district court's decision to revoke probation. United States v. Williams, 378 F.2d 665, 665 (4th Cir. 1967) (per curiam). The court may revoke probation when it determines that a condition of probation has been violated and that the violation warrants revocation. Black v. Romano, 471 U.S. 606, 611 (1985). A judge's order revoking probation does not require the level of proof necessary to support a criminal conviction. United States v. Ball, 358 F.2d 367, 370 (4th Cir. 1966). Rather, the district court need only find a violation of a probation term by a preponderance of the evidence. United States v. Bujak, 347 F.3d 607, 609 (6th Cir. 2003); see also 18 U.S.C. § 3583(e)(3) (2012) (supervised release standard); United States v. Copley, 978 F.2d 829, 831 n.* (4th Cir. 1992) ("Supervised release and probation differ only in that the former follows a prison term

2

and the latter is in lieu of a prison term."). This burden "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). We review for clear error the district court's factual findings underlying a probation revocation. See United States v. Padgett, Nos. 14-4625, 14-4627, 2015 WL 3561289, at *1 (4th Cir. June 9, 2015) (supervised release).

An individual commits the Virginia offense of abduction when he "by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes another person with the intent to deprive such other person of his personal liberty." Va. Code Ann. § 18.2-47(A) (2014). Sadeghi argues that the Government failed to prove either that he used force or intimidation against the victims, or that he intended to deprive the victims of their personal liberty.

We find Sadeghi's arguments unpersuasive. Viewed in the light most favorable to the Government, the evidence presented at the revocation hearing established that Sadeghi was driving two individuals ("the victims") toward their home when he noticed a police car parked in front of their destination. Sadeghi briefly slowed but did not fully stop his car; he

3

ordered the victims out, but drove off with them at a high rate of speed.[*] Sadeghi refused repeated requests from one of the victims and a telephoned appeal from a police officer to take the victims home. Moreover, although he slowed the car on several occasions and demanded that the victims get out of his car, he did not stop the car to permit them to exit safely until he abandoned his flight at a gas station two miles away.

Sadeghi notes that one of the victims testified that she wanted to be taken home, not merely let out of the car, and that both victims could have left the unlocked car when Sadeghi told them to do so. However, in light of Sadeghi's failure to fully stop the car, testimony regarding one victim's frantic demeanor, and the victims' inability to leave the vehicle safely, Sadeghi's conduct constitutes a use of force or intimidation adequate to support a charge of abduction. See Sutton v. Commonwealth, 324 S.E.2d 665, 670 (Va. 1985) (defining "intimidate"); Jordan v. Commonwealth, 643 S.E.2d 166, 171-72 (Va. 2007) (defining "force"); Clanton v. Commonwealth, 673 S.E.2d 904, 911 & n.12 (Va. Ct. App. 2009) (recognizing that, in

---

[*] Sadeghi urges us not to rely on testimony and findings beyond those specifically enumerated or used by the district court. However, our review is not limited to the grounds relied upon by the district court, as we are entitled to affirm on any basis apparent from the record. United States v. Smith, 395 F.3d 516, 519 (4th Cir. 2005).

4

appropriate circumstances, abduction may be accomplished through minimal force).

Sadeghi also argues that his repeated attempts to slow the car and his demands that the victims get out preclude a finding that he intended to deprive the victims of their personal liberty. Viewed in the light most favorable to the Government, however, his conduct supports an inference that Sadeghi "intended to deny the victim[s] [their] freedom from bodily restraint." Burton v. Commonwealth, 708 S.E.2d 892, 894 (Va. 2011); see also Chatman v. Commonwealth, 739 S.E.2d 245, 250 (Va. Ct. App. 2013) ("The specific intent to commit a crime may be inferred from the conduct of the accused if such intent flows naturally from the conduct proven." (internal quotation marks and alteration omitted)); cf. Commonwealth v. Herring, 758 S.E.2d 225, 234 (Va. 2014); Joyce v. Commonwealth, 170 S.E.2d 9, 11 (Va. 1969).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5