Present:  Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Carrico and Koontz, S.JJ.

WINSTON TYRONE BURTON

                                          OPINION BY
v.    Record No. 101282          JUSTICE LEROY F. MILLETTE, JR.
                                        April 21, 2011
COMMONWEALTH OF VIRGINIA

             FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal, we consider whether the evidence was sufficient to sustain Winston Tyrone Burton's conviction for abduction, in violation of Code § 18.2-47(A).  Because the evidence was not sufficient to prove that Burton intended to deprive the victim of her personal liberty, we will reverse the Court of Appeals' judgment.

             I.  RELEVANT FACTS AND PROCEEDINGS[*]

     We will state the facts in the light most favorable to the Commonwealth, the prevailing party below.  Jones v. Commonwealth, 279 Va. 52, 55, 688 S.E.2d 269, 270 (2010).  At approximately 1:30 in the afternoon, Kathleen Tracy was sitting in her car parked on the upper deck of a shopping mall parking lot when Burton approached her and knocked on her window. Burton, who was dressed as a mechanic, told her that her car was leaking brake fluid.  Tracy recently had work performed on

_____
     [*] In accordance with established practice, we will recite only those facts relevant to the dispositive issue in this appeal.  See, e.g., Preston v. Commonwealth, 281 Va. 52, 55 n.2, 704 S.E.2d 127, 128 n.2 (2011).

1

her car's brakes, and after the work was completed, she "felt like something wasn't quite right with them." Burton told Tracy to open the hood of her car, and she complied. Burton pointed to a place under the hood that he indicated was the cause of the problem. While Burton was examining the car, he directed Tracy to lie down across the front seats, applying equal pressure to both seats, and to pull a lever under the passenger seat. Tracy complied, lying on her stomach with her feet hanging out of the driver's side door.

While Tracy was in this position, Burton moved to the rear wheel on the driver's side of the car. Burton told Tracy that she was not following his instructions, and, he again directed her to apply equal pressure to both front seats. After five to ten minutes, Tracy began to feel uncomfortable and exited the car. Tracy stepped back from the car and saw Burton squatting down near the rear wheel with his hand in his unzipped pants. Tracy told Burton that she needed to leave, and Burton stepped in front of her, "kind of block[ing]" her way to the car. Tracy repeated that she needed to leave, and Burton stepped aside.

Burton was indicted for abduction in violation of Code § 18.2-47(A). Burton was found guilty of this offense after a jury trial. Burton appealed his conviction to the Court of

2

Appeals, which denied his petition by order.  Burton v. Commonwealth, Record No. 2426-09-4 (March 24, 2010).  A three-judge panel affirmed the judgment denying Burton's petition. Burton v. Commonwealth, Record No. 2426-09-4 (June 8, 2010). We awarded Burton this appeal.

## II. DISCUSSION

The standard of review in this case is well-settled.  When considering the sufficiency of the evidence to sustain a conviction,

> [t]his Court will only reverse the judgment of the trial court if the judgment is plainly wrong or without evidence to support it.  If there is evidence to support the conviction[], the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.

Clark v. Commonwealth, 279 Va. 636, 640-41, 691 S.E.2d 786, 788 (2010) (citations and internal quotation marks omitted).

Burton argues that the Court of Appeals erred in holding that the evidence was sufficient to support his conviction for abduction under Code § 18.2-47(A).  Among other arguments, Burton asserts that the evidence presented at trial was insufficient to prove that he intended to deprive the victim of her personal liberty.  We agree.

Code § 18.2-47(A), in relevant part, states:

Any person who, by force, intimidation or deception, and without legal justification or excuse, seizes,

3

takes, transports, detains or secretes another person with the intent to deprive such other person of his personal liberty . . . shall be deemed guilty of "abduction."

The jury was properly instructed by the circuit court that the crime of abduction consists of three separate elements, each of which the Commonwealth is required to prove beyond a reasonable doubt:

1) that [Burton,] by force or intimidation or deception, did seize or take or transport or detain or hide [Tracy;] and
2) that [Burton] did so with the intent to deprive [Tracy] of her personal liberty; and
3) that [Burton] acted without legal justification or excuse.

We have stated that when a "statute makes an offense consist of an act combined with a particular intent, proof of such intent is as necessary as proof of the act itself and must be established as a matter of fact." Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). "Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case. The state of mind of an alleged offender may be shown by his acts and conduct." Id. To prove that the defendant intended to deprive the victim of her personal liberty, the Commonwealth must prove that the defendant intended to deny the victim her freedom from bodily restraint. Assuming arguendo that the evidence presented by the Commonwealth established beyond a

4

reasonable doubt that Burton detained Tracy by deception, without legal justification or excuse, the issue presented is whether Burton detained Tracy with the intent to deprive her of her personal liberty.

In Johnson v. Commonwealth, 221 Va. 872, 275 S.E.2d 592 (1981), we reversed a defendant's abduction conviction because the evidence was insufficient to prove that the defendant had the intent to deprive the victim of her personal liberty.  In Johnson, the defendant knocked on the victim's door and asked for a glass of water.  Id. at 874, 275 S.E.2d at 593.  The victim told the defendant to wait, and she went inside to get the glass of water, leaving the door ajar.  Id.  The defendant followed her into the kitchen, grabbed her from behind, rubbed his body against hers, and tried to kiss her.  Id.  When the defendant did this, the victim screamed, and the defendant released her and fled.  Id.  In reversing the defendant's abduction conviction, we stated:

> We think it clear that Johnson entered the apartment with the intention of having sexual intercourse with the occupant and that the advances he made, however limited and fleeting, were designed to accomplish that purpose.  However, his assault was frustrated by her resistance and stopped short of constituting an attempted rape.  When Johnson put his arms around [the victim] and held her tightly this was done in furtherance of his sexual advances and not with the intent to deprive her of her personal liberty, although such a deprivation did occur momentarily . . . .  The evidence is not sufficient to sustain

5

> his conviction of abduction, i.e., seizing and
> detaining [the victim] with intent to deprive her of
> her personal liberty.

Id. at 879, 275 S.E.2d at 596-97.

In this case, as in Johnson, the evidence fails to prove that Burton detained the victim with the intent to deprive her of her personal liberty. The Commonwealth argues that the act of detention occurred when Burton deceived Tracy into lying across the front seats. The Commonwealth further contends that Burton's action in "kind of block[ing]" Tracy's path to the car, although not a detention, was evidence of his intent to deprive her of her personal liberty.

It is clear that Burton's intent was to deceive Tracy into positioning herself in such a way that he could gain sexual gratification by observing her lying across the front seats with her feet hanging out of the car. Although Tracy was briefly detained by Burton's ruse, Burton's actions were made in pursuit of his sexual gratification and not with the intent to deprive Tracy of her personal liberty. Burton, of course, could have had the intent to obtain sexual gratification by deceiving Tracy to lie in a certain position, while at the same time having had the intent to deprive her of her liberty, but the intent to deprive Tracy of her liberty does not necessarily flow from his deceiving or detaining her.

6

When a defendant accomplishes an abduction by seizing, taking, transporting, or secreting a victim, it may be a reasonable inference just from those physical actions that the defendant's intent was to deprive the victim of her personal liberty.  Such an inference, however, does not flow as freely when the alleged abduction consists of detaining a person by means of deception.  Possible explanations for the detention include a prank, to cause inconvenience, or, as in Johnson and this case, for sexual gratification.

The use of deception to detain a victim by having her remain in a certain location, or even in a certain position, satisfies only one of the elements of abduction.  The Commonwealth must also prove that the act of detaining by deception was done with the intent to deprive the victim of her personal liberty.  These two elements must not be conflated. They are separate elements, and although proof of either element may be used to establish the other, the evidence presented must establish both elements beyond a reasonable doubt.  Here, Burton's actions in deceiving Tracy into lying in a certain position in her own car parked in a shopping mall parking lot in mid-afternoon are not sufficient to prove that he had the intent to deprive Tracy of her personal liberty.

7

This conclusion is further supported by the fact that Burton did not attempt to detain Tracy after she told him that she needed to leave. After Tracy exited the car and saw Burton with his hand in his unzipped pants, she said that she needed to leave. Although he "kind of block[ed]" her path – which the Commonwealth conceded was not a detention – Burton made no attempt to prevent her from leaving, and he stepped aside when she repeated that she needed to leave. Without additional evidence that Burton's intent was to deprive Tracy of her personal liberty, the Commonwealth's argument must fail.

Even though Tracy was deceived into remaining briefly in a certain location due to Burton's ruse, under the facts before us, we cannot say that there was evidence that Burton had the intent to deprive Tracy of her personal liberty. We, therefore, hold that the evidence was insufficient to sustain Burton's conviction for abduction.

### III. CONCLUSION

For the reasons stated, we will reverse the judgment of the Court of Appeals and vacate the defendant's conviction for abduction, and dismiss the indictment.

Reversed, vacated and dismissed.

JUSTICE MIMS, with whom SENIOR JUSTICE CARRICO joins, dissenting.

8

I believe that the evidence was sufficient to support the conviction, and therefore dissent. The majority, faced with a jury finding to the contrary, concludes as a matter of fact that "Burton's actions were made in pursuit of his sexual gratification and not with the intent to deprive Tracy of her personal liberty." Burton's motive or reason for detaining Tracy was irrelevant so long as he intended to deprive her of her liberty, and the jury found that he did.

The majority's concern with an abduction of this nature, i.e. detention by deception, is that many conceivable scenarios, such a prank or ruse to cause inconvenience, could be punishable under the statute. The majority therefore concludes that detaining by deception should be viewed differently than other forms of statutory abduction. A reading of the statute, however, does not support that conclusion. This case does not present an application of the statute to a prank, and Burton does not challenge the statute's constitutionality.

Because I believe the evidence is sufficient to prove each of the elements of statutory abduction under Code § 18.2-47(A), I would affirm.

9