COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judges Elder and Petty
Argued at Richmond, Virginia

TONY MARK HERRING, JR.

                                          MEMORANDUM OPINION[*] BY
v.        Record No. 1430-12-3          CHIEF JUDGE WALTER S. FELTON, JR.
                                               APRIL 16, 2013

COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                       Victor V. Ludwig, Judge

       John I. Hill (Poindexter, Schorsch, Jones & Hill, P.C., on briefs), for
       appellant.

       Robert H. Anderson, III, Senior Assistant Attorney General
       (Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


       Tony Mark Herring, Jr. ("appellant") appeals his convictions by the Circuit Court of

Augusta County ("trial court") for attempted first degree murder, use of a firearm in the

commission of that offense, and four counts of abduction. On appeal, he asserts that the trial

court erred in finding that the Commonwealth's evidence was sufficient to convict him. For the

following reasons, we affirm appellant's convictions for attempted first degree murder and use of a

firearm in the commission of that offense. However, we reverse each of appellant's four

convictions for abduction.

                                    I. Procedural Bar

       The Commonwealth asserts that appellant's petition for appeal should be dismissed pursuant

to Rule 5A:12(c)(1)(ii). It argues that the sole assignment of error in the petition for appeal, "[t]he

trial court erred by failing to grant the defendants [sic] motion to strike the Commonwealth's

_____
       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence as being insufficient as a matter of law to sustain his convictions for attempted murder, abduction and the use of a firearm in the commission of a felony,"[1] contains only a general statement that the evidence was insufficient, thereby failing to invoke this Court's subject matter jurisdiction to consider appellant's claim of trial court error. Appellant's Br. at 3. Both parties were aware of the asserted trial court errors presented by appellant on appeal and fully briefed those issues for consideration by this Court. We conclude on this record that appellant's petition for appeal sufficiently invokes our jurisdiction to consider the asserted trial court errors. See Moore v. Commonwealth, 276 Va. 747, 754, 668 S.E.2d 150, 154 (2008) (holding that where failure to strictly adhere to requirements of Rule 5A:12(c)(1)(ii) is insignificant, the Court is not precluded "from addressing the merits of the case").

## II. Standard of Review

"'Where the issue is whether the evidence is sufficient, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Baylor v. Commonwealth, 55 Va. App. 82, 84, 683 S.E.2d 843, 844 (2009) (quoting Sandoval v. Commonwealth, 20 Va. App. 133, 135, 455 S.E.2d 730, 731 (1995)). We "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)); see Code § 8.01-680.

## III. Attempted First Degree Murder and Use of a Firearm in the Commission of that Offense

Appellant was indicted for "unlawfully, feloniously, willfully, deliberately and with premeditation attempt[ing] to kill and murder [wife] in violation of [Code §] 18.2-32 and

---

[1] In its brief in opposition to appellant's petition for appeal, the Commonwealth did not assert that the petition failed to comply with Rule 5A:12(c)(1)(ii).

- 2 -

[§] 18.2-26." "[A]n attempt to commit a crime consists of two elements: '(1) [t]he intent to commit a crime; and (2) a direct act done towards it commission, but falling short of the execution of the ultimate design.'" Jay v. Commonwealth, 275 Va. 510, 525, 659 S.E.2d 311, 319-20 (2008) (quoting Glover v. Commonwealth, 86 Va. (11 Hans.) 382, 385, 10 S.E. 420, 421 (1889)).

"'Intent is the purpose formed in a person's mind at the time an act is committed. Intent may, and often must, be inferred from the facts and circumstances of the case, including the actions and statements of the accused.'" Johnson v. Commonwealth, 53 Va. App. 79, 100, 669 S.E.2d 368, 378 (2008) (quoting Commonwealth v. Taylor, 256 Va. 514, 519, 506 S.E.2d 312, 314 (1998) (citations omitted)). "'The state of mind of an accused may be shown by his acts and conduct.'" Rivers v. Commonwealth, 21 Va. App. 416, 421, 464 S.E.2d 549, 551 (1995) (quoting Sandoval, 20 Va. App. at 137, 455 S.E.2d at 732). "'The finder of fact may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts.'" Id. (quoting Bell v. Commonwealth, 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991)).

On December 14, 2010, appellant returned to the family home intoxicated. After an argument, appellant shoved, punched, and choked his wife, in the presence of their three minor children[2] and appellant's father, Tony Mark Herring, Sr. ("appellant's father"). After physically assaulting his wife, appellant told her that "he was going to get a gun and kill [her]." When appellant left the living room to get a gun, wife ran out of the house and hid behind appellant's father's truck parked in the front yard. Appellant obtained a shotgun and went to the front door of the house looking for his wife. He stood in the front door, pointed the shotgun outside, and yelled that he was going to kill his wife. The trial court found the evidence proved that appellant was "aiming [the shotgun] generally around" with his finger on the trigger. While appellant was

---

[2] The couple had twin daughters, A.H. and B.H., age 11, and a son, C.H., age 3.

"aiming [the shotgun] generally around," appellant's father pushed the butt of the shotgun down to force the muzzle into the air resulting in the shotgun firing.

The trial court rejected appellant's testimony that he did not intend to kill his wife. It commented that appellant's "credibility [was] wonting on almost every issue." The trial court additionally found that appellant's intent to kill his wife was manifested by his statements and actions. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval, 20 Va. App. at 138, 455 S.E.2d at 732. Furthermore, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). We conclude that the trial court's finding appellant guilty of attempted murder of his wife and use of a firearm in the commission of that offense was not plainly wrong or without evidence to support it. Accordingly, we affirm the judgment of the trial court finding appellant guilty of attempted first degree murder and use of a firearm in the commission of that offense.

IV. Abduction

Appellant was also convicted of abducting his three children, A.H., B.H. and C.H., and his father, in violation of Code § 18.2-47.

Code § 18.2-47(A) provides, that

> [a]ny person who, by force, intimidation or deception, and without
> legal justification or excuse, seizes, takes, transports, detains or
> secretes another person with the intent to deprive such other person
> of his personal liberty or to withhold or conceal him from any
> person, authority or institution lawfully entitled to his charge, shall
> be deemed guilty of "abduction."

"[W]hen a 'statute makes an offense consist of an act combined with a particular intent, proof of such intent is as necessary as proof of the act itself and must be established as a matter of fact.'"

- 4 -

Burton v. Commonwealth, 281 Va. 622, 626, 708 S.E.2d 892, 894 (2011) (quoting Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979)). "'Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case. The state of mind of an alleged offender may be shown by his acts and conduct.'" Id. at 626-27, 708 S.E.2d at 894 (quoting Ridley, 219 Va. at 836, 252 S.E.2d at 314).

On this record, we conclude that the evidence presented at trial failed to establish that appellant detained his three children and his father with the intent to deprive each of his or her personal liberty. The evidence at trial established that the three children and appellant's father were able to move around the house. Appellant's father and A.H. each communicated separately with a 911 dispatcher. At one point, appellant's father told the children to go into his bedroom and lock the door. Moreover, appellant's father and the three children were able to leave the house with little interference from the appellant. While we do not dispute the fact that appellant's actions caused appellant's father and the three children to be afraid of what might transpire generally, nothing presented in the record establishes that his purpose was to deprive them of their personal liberty "by force, intimidation or deception." Code § 18.2-47(A). See Burton, 281 Va. 622, 708 S.E.2d 892 (holding Burton's actions were in pursuit of sexual gratification, not deprivation of victim's liberty). We conclude from the record before us that the evidence was not sufficient to prove beyond a reasonable doubt that appellant intended to seize, take, transport, detain, or secrete his father and his three children with the "intent to deprive [them] of [their] personal liberty." Code § 18.2-47(A). Accordingly, we reverse each of appellant's four convictions for abduction.

## V. Conclusion

For the foregoing reasons, we affirm appellant's convictions for attempted first degree murder and use of a firearm in the commission of that offense. We reverse appellant's four convictions for abduction.

<u>Affirmed in part and reversed in part.</u>