COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Petty, Alston and Russell
Argued by teleconference


ALEXANDER EARL BILLOW, S/K/A
  ALEXANDER EARL BARLOW

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1199-16-3                      JUDGE ROSSIE D. ALSTON, JR.
                                                    AUGUST 22, 2017
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                            Charles N. Dorsey, Judge

               J. Thomas Love, Jr., Senior Assistant Public Defender, for
               appellant.

               Leah A. Darron, Senior Assistant Attorney General (Mark R.
               Herring, Attorney General, on brief), for appellee.


        Alexander Earl Billow ("appellant") appeals his conviction of abduction with intent to

defile, in violation of Code § 18.2-48.  Appellant argues that the trial court erred by finding him

guilty of abduction with intent to defile because the evidence presented did not establish the

requisite intent to deprive the victim of her liberty.  We disagree, and affirm the decision of the

trial court.

                                        BACKGROUND

        On the morning of August 9, 2015, the victim (hereinafter, "K.V.") was out on a run

when she noticed a man, later identified as appellant, standing on the right side of the path in

front of her.  At appellant's April 7, 2016, bench trial, K.V. testified that as she ran by appellant,

she noticed that he "had his penis out of his pants and [he] was masturbating."  K.V. crossed to

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the opposite side of the path to avoid appellant. However, as she ran by him, appellant lunged at her, and "kind of body slammed" her. K.V. began screaming and yelling for help. She stated that appellant then wrapped his arms around her, and put his hand inside of her bra, groping her breast. At this point, K.V. testified that she could not get free from appellant, and was just trying to stay on the path to avoid appellant pulling her off toward an overgrown embankment, leading down to a river. She specifically testified: "my, my arms had gotten stuck between us. And, and I couldn't, I couldn't get free. I, I feel like I mostly held my ground that, that I didn't go off the greenway but I couldn't get free of him."

K.V. stated that appellant suddenly stopped, pushed her away, and took off running. It was then that K.V. noticed a cyclist coming toward her, and she used her phone to call 911. K.V.'s chest had scratches as a result of the encounter. K.V. testified: "I remember feeling very pinned in and that if I, that I wanted to get my hands free so that I could try to push myself free."

After the close of the Commonwealth's case-in-chief, appellant moved to strike the evidence. Appellant argued that the Commonwealth had not showed the specific intent necessary to prove that appellant deprived K.V. of her liberty and that the General Assembly did not intend to make abduction a separate crime when the detention was only incidental to the underlying crime. Appellant further argued that appellant merely committed a sexual assault and that any detention occurred simultaneously. The trial court denied appellant's motion. It found that given the facts presented, a reasonable inference could be drawn by the fact-finder that appellant made an effort to pull, push, or move the victim to another location. This showed appellant's intent to deprive K.V. of her liberty.

Appellant did not present any evidence and renewed his motion to strike at the end of the trial. The trial court took the motion under advisement, and a hearing took place on April 17, 2016. The trial court again denied appellant's motion. It found K.V. to be a very credible

witness, and concluded that it was significant that K.V. was jogging at the time of the attack because appellant stopped her movement. The trial court also found the degree of force used by appellant was significant when he body slammed K.V., made an effort to remove her sports bra, groped her breast, and tried to pull her toward the river. The trial court concluded that those facts distinguish this case from previous cases and support appellant's conviction. The trial court noted that it thought the detention clearly created a significant danger to K.V. independent of that posed by the groping or sexual assault. It found that the Commonwealth proved the elements of abduction with intent to defile beyond a reasonable doubt.

The trial court ultimately found appellant guilty of abduction with intent to defile. On August 16, 2016, it entered an order, sentencing appellant to life in prison, and suspended the life sentence contingent upon appellant serving twenty years. This appeal followed.

ANALYSIS

Appellant argues that the trial court erred by finding him guilty of abduction with intent to defile because the evidence presented did not establish that appellant intended to deprive K.V. of her liberty. We disagree.

When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence "in the light most favorable to the Commonwealth and give[s] it all reasonable inferences fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). On review, this Court does not substitute its own judgment for that of the trier of fact. Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without evidence to support it. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). "There is no distinction in the law between the weight or value to be given to either direct or circumstantial evidence." Muhammad v.

- 3 -

Commonwealth, 269 Va. 451, 479, 619 S.E.2d 16, 31-32 (2005). The Supreme Court of Virginia has held that "circumstantial evidence is competent and is entitled to as much weight as direct evidence[,] provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Finney v. Commonwealth, 277 Va. 83, 89, 671 S.E.2d 169, 173 (2009) (quoting Dowden v. Commonwealth, 260 Va. 459, 468, 536 S.E.2d 437, 441 (2000)). "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003).

Appellant argues that the evidence presented was insufficient to prove that he abducted K.V. because he did not intend to deny K.V. of her liberty. A person is guilty of abduction under Code § 18.2-47(A) if, "by force, intimidation or deception, and without legal justification or excuse, [he or she] seizes, takes, transports, detains or secretes another person with the intent to deprive such other person of his personal liberty." "The question of [appellant's] intent must be determined from the outward manifestation of his actions leading to usual and natural results, under the peculiar facts and circumstances disclosed. This determination presents a factual question which lies peculiarly within the province of the [fact finder]." Ingram v. Commonwealth, 192 Va. 794, 801-02, 66 S.E.2d 846, 849 (1951). In order for the Commonwealth to prove appellant is guilty of abduction with intent to defile "the evidence must show that [appellant] abducted [the victim] with the intent to sexually molest her." Crawford v. Commonwealth, 281 Va. 84, 102-03, 704 S.E.2d 107, 118 (2011); see also Swisher v. Commonwealth, 256 Va. 471, 486, 506 S.E.2d 763, 771 (1998) (holding that the terms "sexually molest" and "defile" are interchangeable). The term "sexually molest" includes the intentional touching of the complaining witness' intimate parts or material directly covering such intimate

- 4 -

parts, meaning the genitalia, anus, groin, breast, or buttocks. See Code § 18.2-67.10. In this case, appellant does not contest the proof that there was a sexual assault. Rather, appellant challenges the Commonwealth's proof of the abduction component of the statute.[1]

In this case, the evidence presented by the Commonwealth showed that on August 9, 2015, K.V. was out for a run, when appellant lunged at her from the side of the path and body slammed her. He then wrapped his arms around her, put his hand under her shirt, groped her breast, and tried to pull her off the path she was running on. In Scott v. Commonwealth, 228 Va. 519, 526, 323 S.E.2d 572, 576 (1984), the Supreme Court of Virginia found that statutory abduction, pursuant to Code § 18.2-47, is complete upon "the physical detention of a person, with the intent to deprive [her] of [her] personal liberty, by force." Significantly in this case, K.V. testified: "my arms had gotten stuck between us. And, and I couldn't, I couldn't get free. I, I feel like I mostly held my ground that, that I didn't go off the greenway but I couldn't get free of him." She also stated that she could not continue running and was stuck in one place. This evidence constitutes a physical detention because appellant used force to prevent K.V. from continuing her run. Appellant also wrapped his arms around her, and K.V. testified that she

---

[1] Appellant relies in part on the incidental detention doctrine to argue that the trial court should not have convicted him of abduction with the intent to defile. The incidental detention doctrine states that

> one accused of abduction by detention and another crime involving
> restraint of the victim, both growing out of a continuing course of
> conduct, is subject upon conviction to separate penalties for
> separate offenses only when the detention committed in the act of
> abduction is separate and apart from, and not merely incidental to,
> the restraint employed in the commission of the other crime.

Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 713-14 (1985). The Supreme Court of Virginia clarified that the incidental detention doctrine "only applies when a[n] appellant] is convicted of two or more crimes arising out of the same factual episode." Walker v. Commonwealth, 272 Va. 511, 516, 636 S.E.2d 476, 479 (2006). Thus, the incidental detention doctrine is by definition inapplicable in this case because appellant was only charged with and convicted of one offense, abduction with intent to defile.

could not move or get free from him. These facts establish, as the trial court found, that appellant intended to deprive K.V. of her personal liberty.

In order to prove abduction with intent to defile, the Commonwealth must also prove that "[the defendant] abducted [the victim] with the intent to sexually molest her." Crawford, 281 Va. at 102-03, 704 S.E.2d at 118. In this case, appellant seized and detained K.V. and then tried to remove her sports bra, ultimately putting his hand under her shirt and groping her breast. This evidence establishes that appellant had the intent to sexually molest K.V. because he intentionally put his hand on her breast leaving it there throughout the encounter. See Code § 18.2-67.10.

Appellant relies on two cases, Johnson v. Commonwealth 221 Va. 872, 275 S.E.2d 592 (1981), and Burton v. Commonwealth, 281 Va. 622, 708 S.E.2d 892 (2011), to further support his argument that he did not intend to deprive K.V. of her personal liberty separate from the sexual assault, and thus, should not have been found guilty of abduction with intent to defile. However, these cases can easily be distinguished from the present case. First, in Johnson, the perpetrator pretended to be a handyman, gained access to the victim's apartment, then attempted to kiss her, and rubbed his clothed body against her backside. 221 Va. at 874, 275 S.E.2d at 593-94, Johnson's intent was to have sexual intercourse with the victim therein, but he ran away when the victim resisted and screamed. Id. at 879, 275 S.E.2d at 596. The Supreme Court of Virginia found that Johnson's actions were all "in furtherance of his sexual advances and not with the intent to deprive [the victim] of her personal liberty, although such a deprivation did occur momentarily." Id. at 879, 275 S.E.2d at 597.

In Burton, the perpetrator tried to get the victim to engage in sexual activity with him by stepping in front of her with his pants unzipped. 281 Va. at 628, 708 S.E.2d at 895. However, he stepped aside after the victim stated repeatedly that she needed to leave. Id. at 629, 708

S.E.2d at 895. The Supreme Court of Virginia reversed Burton's conviction for abduction finding that his "actions were made in pursuit of his sexual gratification and not with the intent to deprive [the victim] of her personal liberty." Id. at 628, 708 S.E.2d at 895.

The present case can be distinguished from Johnson and Burton because here, appellant's use of force and restraint of K.V. was proven to be separate, yet interrelated, to the sexual assault. Neither Johnson nor Burton involved a struggle between the perpetrators and the victims separate from the sexual assault. Here, appellant body slammed K.V., stopping her forward movement while she was running. Appellant and K.V. then engaged in a struggle before appellant was able to put his hand on K.V.'s breast. Appellant first wrapped his arms around K.V., restricting her movement and making her feel like she could not get away. Further, K.V. testified that appellant was trying to move her off of the path she had been running on, toward a rocky incline and a river. Throughout the struggle K.V. stated that she was trying her best to remain on the trail. Here, appellant's actions constituting the abduction were the elementary precursor to when K.V. was sexually molested.

This case is most similar to Ellis v. Commonwealth, No. 2700-10-2, 2012 Va. App. LEXIS 92, at *7 (Va. Ct. App. Mar. 27, 2012),[2] where this Court found that a convenience store clerk's attempts to free herself from Ellis's grasp and the struggle that took place for twenty seconds between them proved that appellant meant to deprive the clerk of her liberty." In Ellis, the perpetrator entered a convenience store and tried to get the store clerk to "mess around in the back room." Id. at *6. When the clerk refused Ellis's advances, he held her tight, and tried to pull her to the back of the kiosk. Id. The surveillance footage showed a twenty-second struggle between appellant and the clerk. Id. The present case is similar to Ellis because appellant body

---

[2] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." Otey v. Commonwealth, 61 Va. App. 346, 350 n.3, 735 S.E.2d 255, 257 n.3 (2012) (citing Rule 5A:1(f)).

slammed K.V. and wrapped his arms around her, preventing her movement, while also trying to pull her off the path. Appellant and K.V. struggled before appellant was able to put his hand under her shirt and grope her breast. These actions prove, like this Court found in Ellis, that appellant used force to deprive K.V. of her personal liberty. Appellant groping K.V.'s breast proves that he intended to defile her. Viewing the evidence in the light most favorable to the Commonwealth, the prevailing party below, there were sufficient facts to support appellant's conviction.

Thus, the trial court did not err in finding appellant guilty of abduction with intent to defile, and its judgment is affirmed.

Affirmed.