COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Huff and Chaney
Argued at Norfolk, Virginia


VICTOR A. ESPINOZA-CARMARGO, SOMETIMES KNOWN AS
  VICTOR ESPINOZA-CAMARGO
                                    MEMORANDUM OPINION* BY
v.        Record No. 0837-22-1          JUDGE GLEN A. HUFF
                                          JULY 25, 2023
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                            Mary Jane Hall, Judge

             (J. Barry McCracken, Assistant Public Defender, on brief), for
             appellant.  Appellant submitting on brief.

             Matthew P. Dullaghan, Senior Assistant Attorney General (Jason S.
             Miyares, Attorney General, on brief), for appellee.


        Victor Espinoza-Carmargo ("appellant") was convicted in the Norfolk Circuit Court (the

"trial court") on one count of malicious wounding, in violation of Code § 18.2-51.  Appellant asserts

the evidence was insufficient to support his conviction.  This Court disagrees and affirms the

judgment of the trial court.

                                BACKGROUND

        This Court recites the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  Doing so requires "discard[ing] the

evidence of the accused in conflict with that of the Commonwealth, and regard[ing] as true all the

---

        * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

In September 2021, appellant and Heberto Hernandez were co-workers at a Mexican restaurant in Norfolk. A couple of days before October 11, 2021, appellant borrowed Hernandez's truck without permission and returned it with damage to the fender. On the evening of October 11, 2021, Hernandez visited two friends who happened to live with appellant. When appellant arrived, Hernandez reminded him to fix the damage to his truck. In response, appellant retrieved a chef's knife from the kitchen and sliced Hernandez across the face. Hernandez testified that he and appellant did not engage in any physical fight or verbal aggression either before or after the attack. Hernandez, who was bleeding badly, left the trailer and called the police as appellant ran away. The cut to Hernandez's cheek required eight stitches and left a scar.

Norfolk Police Officer Jamie Zayas and Detective John Murphy arrived at the scene separately. Officer Zayas spoke with Hernandez, who provided a description of appellant. After about ten minutes, Officer Zayas found appellant hiding under a white van nearby and arrested him. Meanwhile, Detective Murphy found a black-handled knife with a red stain on it in the grass at the back side of the trailer. When appellant appeared before the magistrate that evening on the charge of malicious wounding, Detective Murphy heard appellant say that he "did it in self-defense." Detective Murphy did not notice any injuries on appellant, and appellant did not complain of any.

At trial, appellant made a motion to strike at the end of the Commonwealth's case-in-chief, arguing that the evidence failed to prove he acted with malice or the specific intent to maim, disfigure, disable, or kill. The trial court denied the motion to strike.

Appellant then testified that he had been drinking heavily on the night of the incident. He recalled being in the residence with Hernandez for 20 to 40 minutes before Hernandez became demanding and threatening. Appellant testified that Hernandez threatened to kill him if he did not

- 2 -

hand over his last two weeks of pay to fix the truck. He said that Hernandez then produced the knife the police recovered outside the trailer and stabbed him in the stomach. Appellant showed the trial court a scar on his abdomen, which he attributed to Hernandez's actions. Appellant said he pushed Hernandez away and ran from the scene because he was frightened and did not want anything worse to happen. He denied attacking Hernandez.

The trial court found Hernandez more credible than appellant and expressly rejected appellant's claim that he was injured during the incident, since neither of the two law enforcement officers who dealt with appellant knew "anything about that claim." The trial court convicted appellant of malicious wounding. This appeal followed.

ANALYSIS

Appellant argues that the Commonwealth's evidence failed to sufficiently prove his actions were malicious or that he had the specific intent to maim, disfigure, disable, or kill, as required by Code § 18.2-51. This Court disagrees.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion

might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Under Code § 18.2-51, "any person [who] maliciously shoot[s], stab[s], cut[s], or wound[s] any person or by any means cause[s] him bodily injury, with the intent to maim, disfigure, disable, or kill," is guilty of malicious wounding, a Class 3 felony. That statute, as applied to this case, requires proof beyond a reasonable doubt that appellant's slicing of Hernandez's face was malicious and done with the intent to maim, disfigure, disable, or kill him. For the following reasons, this Court finds the evidence sufficient to support appellant's conviction because it established both malice and the intent required by Code § 18.2-51.

## I. Malice

"The presence of malice 'is a question of fact to be determined by [the trier of fact].'" *Fletcher v. Commonwealth*, 72 Va. App. 493, 507 (2020) (alteration in original) (quoting *Long v. Commonwealth*, 8 Va. App. 194, 198 (1989)). "Malice inheres in the 'doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will.'" *Tizon v. Commonwealth*, 60 Va. App. 1, 11 (2012) (quoting *Dawkins v. Commonwealth*, 186 Va. 55, 61 (1947)). It is "evidenced either when the accused acted with a sedate, deliberate mind, and formed design, or committed any purposeful and cruel act without any or without great provocation." *Fletcher*, 72 Va. App. at 507 (quoting *Branch v. Commonwealth*, 14 Va. App. 836, 841 (1992)).

Malice "may be directly evidenced by words, or inferred from acts and conduct which necessarily result in injury." *Ramos v. Commonwealth*, 71 Va. App. 150, 162 (2019) (quoting *Burkeen v. Commonwealth*, 286 Va. 255, 259 (2013)). Thus, "malice may be either express or implied by conduct." *Watson-Scott v. Commonwealth*, 298 Va. 251, 256 (2019) (quoting *Essex v. Commonwealth*, 228 Va. 273, 280 (1984)). Further, malice "may be proved by circumstantial evidence" and "inferred from the deliberate use of a deadly weapon." *Palmer v. Commonwealth*, 71

- 4 -

Va. App. 225, 237 (2019) (first quoting *Canipe v. Commonwealth*, 25 Va. App. 629, 642 (1997); and then quoting *Doss v. Commonwealth*, 23 Va. App. 679, 686 (1996)).

When Hernandez reminded appellant to fix the damage to his truck, appellant went to the kitchen, retrieved a knife, and then slashed Hernandez's face. The wound required eight stitches to close and, at the time of trial, Hernandez still bore a scar on his face from the corner of his mouth to his ear. There was no physical fight prior to the attack, and Hernandez testified that no hostile words were exchanged between him and appellant during or after the attack. Any reasonable trier of fact could infer from Hernandez's testimony and injury that the slashing was malicious—a deliberate wrongful act committed with "ill will" or "without just cause"—because appellant was angry about Hernandez's repeated requests to fix the damage to Hernandez's truck. *Tizon*, 60 Va. App. at 11.[1]

And appellant's claim of heavy alcohol consumption on the night of the offense does not excuse his criminal liability for his actions. "Except in cases of first degree and capital murder, where proof of voluntary intoxication may negate deliberation and premeditation, such intoxication, whether from drugs or alcohol, is no defense to a criminal charge." *Morris v. Commonwealth*, 51 Va. App. 459, 468 (2008) (quoting *Griggs v. Commonwealth*, 220 Va. 46, 52 (1979)).

In sum, the Commonwealth's evidence sufficiently supported the trial court's finding that appellant maliciously slashed Hernandez with a weapon.

---

[1] Although appellant denies slashing Hernandez, he implies in his brief that a factfinder could have concluded he cut Hernandez only "in the heat of passion," not out of malice. "To establish the heat of passion defense, an accused must prove he committed the crime with 'passion' and upon 'reasonable provocation.'" *Caudill v. Commonwealth*, 27 Va. App. 81, 85 (1998) (quoting *Canipe*, 25 Va. App. at 643). But that defense here relies on appellant's version of the facts, which the trial court specifically rejected. No other evidence at trial suggested appellant's actions were reasonably provoked.

## II. Intent

The facts also sufficiently proved that appellant had the intent to maim, disfigure, disable, or kill Hernandez. When a statute "makes an offense consist of an act combined with a particular *intent*, such *intent* is as necessary to be proved as the act itself, and it is necessary for the intent to be established as a matter of fact before a conviction can be had." *Vincent v. Commonwealth*, 276 Va. 648, 652 (2008) (quoting *Dixon v. Commonwealth*, 197 Va. 380, 382 (1955)). "Intent is the purpose formed in a person's mind which may, *and often must*, be inferred from the facts and circumstances in a particular case." *Perkins*, 295 Va. at 330 (quoting *Burton v. Commonwealth*, 281 Va. 622, 626-27 (2011)). As with malice, "[t]he state of mind of an alleged offender may be shown by his acts and conduct." *Id.* (quoting *Burton*, 281 Va. at 627). Thus, "[i]t is proper for a court to consider not only the method by which a victim is wounded, but also the circumstances under which that injury was inflicted in determining whether there is sufficient evidence to prove an intent to maim, disfigure, disable or kill." *Burkeen*, 286 Va. at 260-61.

In response to Hernandez's demand that appellant fix the damage to his truck, appellant retrieved a knife and slashed Hernandez in the face. Hernandez was bleeding profusely and had to be treated at the hospital. His wound required eight stitches, and Hernandez now bears a "permanent ugly scar" on his face. After attacking Hernandez, appellant did not render assistance, but instead fled the scene, discarding the knife as he ran, and hid under a nearby truck to avoid the police. These facts demonstrated appellant's intent to maim, disfigure, disable, or kill Hernandez.

Indeed, "[i]t is permissible for the fact finder to infer that every person intends the natural, probable consequences of his or her actions." *Ellis v. Commonwealth*, 281 Va. 499, 507 (2011). And "evidence of flight may be considered as evidence of guilt along with other pertinent facts and

circumstances." *Hope v. Commonwealth*, 10 Va. App. 381, 386 (1990) (en banc).[2] Appellant's actions in the trailer coupled with his headlong flight and attempt to hide from the police supported the trial court's finding that he acted with the requisite intent.

Rather than relying on any affirmative evidence, appellant merely suggests that his version of events was just as believable as Hernandez's and thus gave rise to a reasonable doubt he committed the offense. That assertion, however, ignores the axiom that "'[t]he fact finder, who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility' as well as 'the weight to be given their testimony.'" *Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019) (quoting *Hamilton v. Commonwealth*, 279 Va. 94, 105 (2010)). "The trier of fact is not required to accept a party's evidence in its entirety, but is free to believe or disbelieve, in whole or in part, the testimony of any witness." *English v. Commonwealth*, 43 Va. App. 370, 371 (2004) (citations omitted). Accordingly, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)).

Moreover, in contrast to appellant's arguments, "the issue upon appellate review in a case like this is not whether there is some evidence to support [the] defendant's hypotheses" of innocence. *Coles v. Commonwealth*, 270 Va. 585, 589 (2005). To the contrary, "the issue is whether a reasonable fact finder, upon consideration of all the evidence, could have rejected defendant's theories and found him guilty of the charged offense beyond a reasonable doubt." *Id.*; *see also Case v. Commonwealth*, 63 Va. App. 14, 23 (2014) ("[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from

---

[2] "Headlong flight—wherever it occurs—is the consummate act of evasion: it is not necessarily indicative of wrongdoing, but it is certainly suggestive of such." *Whitfield v. Commonwealth*, 265 Va. 358, 362 (2003) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000)).

the imagination of the defendant." (quoting *Emerson v. Commonwealth*, 43 Va. App. 263, 277 (2004))). Therefore, "[w]hether an alternate hypothesis of innocence is reasonable is a question of fact . . . binding on appeal unless plainly wrong." *Lucas v. Commonwealth*, 75 Va. App. 334, 348 (2022) (quoting *Emerson*, 43 Va. App. at 277).

Here, the trial court accepted Hernandez's testimony and rejected appellant's version of events, finding that appellant's account did not align with the rest of the evidence. That factual determination, including rejection of appellant's hypothesis of innocence as unreasonable, is supported by the record and not plainly wrong. Hernandez's testimony established that appellant cut him, fled the scene, and then discarded the knife. A knife with a red substance on it was found outside in the grass at the back of appellant's trailer, and appellant himself was found hiding under a truck nearby. Detective Murphy testified that appellant admitted, in front of the magistrate, to slashing Hernandez, claiming at the time that it was an act of self-defense. But neither Detective Murphy, nor any other police officer who spent hours with appellant on the night of the incident, saw evidence of any injury to appellant and appellant made no complaint of any injury.

In fact, it was not until trial that appellant alleged for the first time that Hernandez had stabbed him in the stomach and showed the court an undocumented wound to his abdomen. In contrast, the cut to Hernandez's face was seen by multiple officers and treated by hospital staff immediately after the incident. It took eight stitches to close the wound and stop the bleeding. And during trial, the court could observe for itself the large permanent scar left on Hernandez's face as a result of appellant's actions.

Based on all of those facts, the trial court's decision to credit Hernandez's testimony, rather than appellant's inconsistent version of events, was not plainly wrong. And the record provides sufficient support for the trial court's determination that the evidence proved appellant's guilt

beyond a reasonable doubt, to wit, appellant intended to maim, disfigure, disable, or kill Hernandez when he slashed him in the face with a knife.

## CONCLUSION

For the foregoing reasons, this Court holds that a rational factfinder could find the evidence here sufficient to support appellant's conviction for malicious wounding. Accordingly, this Court affirms the trial court's judgment.

*Affirmed.*